# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**BRIAN KENNETH VAUGHN,**
    **Petitioner,**
v.                Case No. 20-C-1808

**EARNELL LUCAS,**
    **Respondent.**
___

## ORDER

  Brian Kenneth Vaughn has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his pretrial detention pending his state court criminal case is unlawful and requests "outright dismissal with prejudice of the case... or, in the alternative, release from pre-trial detention on a PR bond." ECF No. 1 at 2, 12. Specifically, Vaughn asserts that his right to a speedy trial has been violated. *Id*. at 10 (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). In support of this assertion, Petitioner submitted a copy of the publicly available docket for his case, *State of Wisconsin v. Brian K Vaughn*, Milwaukee County Case Number 2019CF001511, which indicates that the case was initiated in April 2019. *See* ECF No. 3.[1] After multiple adjournments at the defense's request, the matter was scheduled for trial on June 1, 2020 only to be delayed further as a result of the current pandemic. *Id*. at 4–7. Petitioner registered a speedy trial demand on July 13, 2020 and a jury trial held on September 29 resulted in a mistrial. *Id*. at 3–4. The court subsequently found good cause to extend speedy trial deadlines, first on October 8, and again on November 16. *Id*. at 2–3.

  Vaughn filed this petition on December 7. According to the public docket on the Wisconsin Circuit Court Access website, the court found good cause to extend the speedy

___

[1] Also accessible via the Wisconsin Circuit Court Access website's case search tool, available at https://wcca.wicourts.gov/case.html.

trial deadline again on December 14. A second trial ultimately began on February 1 and ended on February 4, resulting in a guilty verdict on all counts. Because Vaughn's trial has already finished, his petition for pretrial relief under § 2241 is rendered moot. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot.") (citing cases). In any event, "speedy trial claims are limited to those where the petitioner is trying to force a trial, not the dismissal of a state criminal trial as untimely." *Gunn v. Lucas*, 2020 WL 7231058, at *2 (E.D. Wis. Dec. 8, 2020) (citing cases). Petitioner may raise his speedy trial arguments on appeal in state court and, if unsuccessful in state court, via a habeas corpus petition brought under § 2254. *See*, *e.g.*, *Jones v. Clark*, 2007 WL 2746651, at *2 (M.D. Ala. Sept. 19, 2007) ("While a speedy trial claim seeking the remedy of dismissal is not moot in Jones's case-as Jones's conviction would not necessarily preclude the overturning of his conviction and dismissal of the charges against him based on a speedy trial violation-such a claim does not entitle Jones to relief here.").

**THEREFORE, IT IS ORDERED** that Vaughn's petition for a writ of habeas corpus is **DISMISSED as moot**. The Clerk of Court shall enter final judgment accordingly. No certificate of appealability will issue.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2021.

s/Lynn Adelman
LYNN ADELMAN
District Judge